FILED
SUPERIOR COURT
OF GUAM

2018 MAR 19 PM 1:54

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO.: CF0583-12 |
| vs. | |
| RAYMOND TEDTAOTAO CAMACHO, DOB: 10/21/1978 | DECISION AND ORDER (Defendant's Motion to Waive Restitution) |
| DEFENDANT. | |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 10, 2018 on Raymond Tedtaotao Camacho's ("Defendant") Motion to Waive Restitution. The Defendant was represented by Attorney Douglas B. Moylan. Assistant Attorney General Peter J. Santos appeared on behalf of the People of Guam ("People"). Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court hereby **DENIES** the Defendant's Motion to Waive Restitution.

### BACKGROUND

On August 2, 2017, this Court entered Judgment against the Defendant following the Court's acceptance of a Plea Agreement between the Defendant and the People of Guam. The Plea Agreement was initially entered into on March 17, 2014. However, the matter was back before the Court for resentencing on July 28, 2017 after an intervening appeal to the Supreme Court of Guam.



CF0583-12 People of Guam vs. Ray Tedtaotao Camacho
DECISION AND ORDER (Defendant's Motion to Waive Restitution)

Page 1 of 5

The Plea Agreement provided, in relevant part,

> "Defendant stipulates and agrees that if given a fair opportunity to pay any fines and restitution ordered by the court, he will be able to do so. Defendant further understands and agrees that he has an obligation to pay any fine and restitution ordered by the Court and that this obligation survives the expiration of ~~probation or~~ parole and that expiration ~~of probation or parole~~ does not prevent collection of fines and restitution, pursuant to 9 GCA § 80.56."

Plea Agreement ¶ 12 (Mar. 28, 2014) (strickthrough in original). Both the Defendant and his Attorney signed the Agreement. See Id. at 9. Neither the Defendant, nor his Attorney objected to or otherwise questioned Paragraph 12 of the Plea Agreement during the Change of Plea Hearing on March 17, 2014. Change of Plea Hearing 10:34:30 a.m. to 11:31:03 a.m. (Mar. 17, 2014). Further during the same hearing the Court asked the Defendant if he understood the provisions of the Plea Agreement to which the Defendant responded in the affirmative. Id. The Court also found the Defendant's Plea was made knowingly, intelligently, and voluntarily. Id.

In the Court's August 2, 2017 Judgment, the Court entered Judgment of Guilty against the Defendant to the charges of **KIDNAPPING (As a 2nd Degree Felony)**, and **FIRST DEGREE CRIMINAL SEXUAL CONDUCT (As a 1st Degree Felony)**. J. 2 (Aug. 2, 2017). The Court sentenced the Defendant to ten (10) years imprisonment for the Kidnapping charge, and life imprisonment, with the possibility of parole, for the First Degree Criminal Sexual Conduct Charge, with both sentences running concurrently. Id. The Court's Judgment also provided *inter alia* that,

> "[t]he Defendant shall be liable to pay restitution to *Monique Shereen Alvarez Baza* in an amount to be determined by the Court at a restitution hearing. Defendant may pay said restitution in monthly installments and shall pay it in full prior to the termination of his parole. Failure to pay restitution within the period of parole is a violation of parole, but nevertheless shall survive the term of parole."

J. 3 (Aug. 2, 2017). The judgment further provided that a restitution hearing would take place on October 6, 2017. Id. at 5. The People previously filed a Submission of Restitution Summary on July 10, 2014. In the Summary, the sole item listed is a wedding ring with a value of $750.00. The Defendant filed the instant Motion to Waive Restitution on November 3, 2017. The Court held a hearing and took the Motion under advisement on January 10, 2018.

CF0583-12 People of Guam vs. Ray Tedtaotao Camacho
DECISION AND ORDER (Defendant's Motion to Waive Restitution)

Page 2 of 5

In the Defendant's two-page Motion, the Defendant argues that his "situation is such that he neither has the financial resources . . . nor the future ability to pay any restitution award, having been sentenced to life imprisonment." Def's Mem. Supp. Mot. Waive Restitution 2 (Nov. 3, 2017). Therefore the Defendant posits ". . . consistent with other similar cases waiving restitution, restitution should be waived in this case pursuant to Guam law." Id. at 2. The People argue that,

> "Guam law requires restitution under the circumstances of this case, unless the Victim waives restitution. The Defendant's argument is premature and ignores the fact that the Court has programed into the judgment, the opportunity for the Defendant to pay restitution during the Defendant's term of parole . . . ."

People's Opp'n Mot. Waive Restitution (Nov. 17, 2017). Therefore the Court is confronted with the issue of whether the term of life imprisonment imposed on the Defendant bars this Court from ordering the requested restitution of $750.00.

Guam law provides that "[t]he court shall require restitution in all cases wherein the offender has been convicted of a crime involving damage to property of the victim when the offender is or, given a fair opportunity to do so, will be able to pay restitution." 9 GCA § 80.53 (2017). Guam law further provides that "[t]he court shall not sentence an offender to pay a fine or make restitution unless the offender is, or, given a fair opportunity to do so, will be able to pay the fine or restitution." 9 GCA § 80.52(c). Finally, in determining restitution, Guam courts are mandated to ". . . take into account the financial resources of the offender and the nature of the burden that its payment will impose." 9 GCA § 80.52(d).

Confronting a case with facts similar to the case at bar, the Supreme Court of Guam has ruled that an award of restitution is not prohibited under Guam law. See People of Guam v. Mallo, 2008 Guam 23. In Mallo, the Defendant plead guilty to murder pursuant to a plea agreement. People of Guam v. Mallo, 2008 Guam 23 ¶ 3. The plea agreement provided, *inter alia*, "[t]he Defendant shall be held liable for restitution pursuant to 9 GCA § 80.50(e) . . . in an amount to be determined at a restitution hearing." Id. at ¶ 4. The plea agreement also contained the following language at Paragraph 7:

CF0583-12 People of Guam vs. Ray Tedtaotao Camacho
DECISION AND ORDER (Defendant's Motion to Waive Restitution)
Page 3 of 5

"Defendant stipulates and agrees that if given a fair opportunity to pay any fines and restitution ordered by the Court, he will be able to do so. Defendant further understands that he has an obligation to pay any fine and restitution ordered by the Court and that this obligation survives the expiration of probation or parole and that expiration of probation or parole does not prevent collection of fines and restitution, pursuant to 9 GCA § 80.56."

Id. at ¶ 4. The trial court in Mallo sentenced the defendant to life imprisonment and ordered the defendant liable for restitution in the amount of $13,899.70. Id. at ¶ 5. In Mallo, the Defendant's life sentence was with the possibility of parole. Id. at ¶ 55.

The defendant in Mallo appealed arguing the "trial court failed to properly follow the statutory restitution scheme by sentencing him to pay restitution . . . without a hearing on his ability to pay." Id. at ¶ 49. The Supreme Court of Guam rejected the defendant's arguments finding that "[w]hen Mallo signed the plea agreement, he agreed in Paragraph 7 to the restitution requirement . . . ." Id. at ¶ 51. The Court emphasized that Mallo was not contesting Paragraph 7 of his Plea Agreement, and the trial court found that Mallo's acceptance of Paragraph 7 was knowing, intelligent and voluntary. Id. at ¶ 52.

The Court reasoned that because Mallo stipulated that "if given a fair chance, he would be able to pay the restitution," he could not later invoke his inability to pay to attack a restitution amount entered against him. Id. at ¶ 53. The Court found that "[a] stipulation, by its very nature indicates that no factual dispute exists, and therefore no evidentiary hearing is required." Id. at ¶ 54. Finally, and most important to the issue presented herein, the Court found that under § 80.52, "restitution can be ordered if the defendant is capable of paying it, either at once or *in the future*." Mallo, 2008 Guam at ¶ 55 (citing Model Penal Code § 7.02 cmt.) *(emphasis added)* (quotations omitted). In upholding the restitution award, the Supreme Court emphasized ". . . Mallo has the opportunity for parole within fifteen years and that he has the ability to work while in prison to support its decision to impose a restitution that Mallo had *already agreed to pay*." Id. at ¶ 55 *(emphasis added)*.

This case presents facts identical to Mallo. The Defendant was sentenced to life imprisonment with the possibility of parole. Further, the People request this Court order seven

hundred fifty dollars ($750.00) in restitution to compensate the victim for a wedding ring lost during the commission of the crimes the Defendant was adjudged guilty of. The Defendant stipulated in his Plea Agreement at Paragraph 12, cited supra, that if given a fair opportunity to pay restitution, he would be able to do so. Both the Defendant and his attorney signed the Agreement on page 9. Further, when the Court accepted the Defendant's Plea of Guilty, the Defendant acknowledged that he understood his Plea Agreement; entered the Agreement and his Plea voluntarily; and that his attorney had explained the Plea Agreement to him. Finally, the Defendant, like the Defendant in Mallo, is sentenced to life imprisonment *with* the possibility of parole.

Thus the Court finds that the Defendant has the potential future opportunity to pay the restitution amount ordered. However, the Court notes that under Mallo, because the Defendant herein stipulated to his ability to pay, if given a fair opportunity to do so, the Court need not make a specific finding that the Defendant has the ability to pay. Therefore, because counsel for Defendant only argues that Defendant does not have the ability to pay the restitution amount ordered because of his sentence to life imprisonment with the possibility of parole, the Court **DENIES** the Defendant's Motion to Waive Restitution.

**CONCLUSION**

By preponderance of the evidence and for the foregoing reasons, the Court **DENIES** the Defendant's Motion to Waive Restitution. An Addendum to Judgment providing for restitution in the amount of $750.00 shall issue simultaneous to this Decision and Order. The Defendant shall be liable for said restitution in accordance with the Judgment filed on August 2, 2017.

MAR 1 9 2018

**SO ORDERED** _____.

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of: D Maylan
Date: 3/19/18 Time: 1:55
Deputy Clerk, Superior Court of Guam

The Honorable Anita A. Sukola
Judge, Superior Court of Guam